UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JERMAIN USHER, | ) |
|     Plaintiff, | ) Case No. 17 C 8052 |
| v. | ) Judge Joan B. Gottschall |
| UNITED STATES OF AMERICA, DEPARTMENT OF NAVY, | ) |
|     Defendant. | ) |

**<u>Memorandum Opinion and Order</u>**

Defendant United States of America ("government") moves this court to dismiss Plaintiff Jermain Usher's ("Usher") first amended complaint ("FAC"). For the following reasons the court grants the motion to dismiss.

Usher alleges that while he was stopped at a red light, Clarence Medina ("Medina") crashed into the rear end of Usher's vehicle. (1st Am. Comp. 2, 4). Usher is seeking damages from the government for Medina's alleged negligence (*Bivens*) (*Id.*); and, in response to the government's motion to dismiss, Usher is implicitly seeking to amend his FAC by raising an FTCA claim. (Pl.'s Resp. Mot. Dismiss 1st Am. Comp. 1). Usher claims that this accident occurred while Medina was acting within the scope of his employment with his government employer, the Department of the Navy. (1st Am. Comp. 4). Usher further alleges that Medina was a naval reservist—therefore a government employee—and was on his way to the Great Lakes Naval Station for an "assignment" for the government. (*Id.*).

The government urges this court to dismiss Usher's allegations for failure to state a claim under the FTCA, *Bivens*, or both. (Def.'s Mot. Dismiss 1). Additionally, the government argues that Usher's FTCA claim must fail because Medina was not acting within the scope of his

employment. (Def.'s Mem. Supp. Mot. Dismiss 4). Rather, according to the government, Medina was only driving to work—and was therefore outside the scope of his government employment. (*Id.*). Finally, the government also urges this court to dismiss Usher's *Bivens* claim for failure to state a constitutional claim and for failing to name an individual defendant. (*Id.*). Medina is not listed as a defendant. (*Id.*).

### I. Analysis

In deciding whether to grant the government's motion to dismiss, all factual matter in Usher's FAC must be accepted as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). But bare legal assertions will not be accepted as true. *Id.* Finally, Usher's FAC must state a claim that is not merely possible but plausible on its face. *Id.*

**The Bivens Claim**

To state a *Bivens* claim, Usher must allege that a government employee violated one of his constitutional rights. *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 389 (1971). Usher has failed to do so.

Usher's *Bivens* claim "necessarily fail[s] because [Usher] did not name an individual defendant in [his] complaint." *Smith v. United States*, 678 F, App'x 403, 406 (7th Cir. 2017). "A *Bivens* action can be maintained against a defendant only in his or her individual capacity; *it cannot be maintained against the United States.*" *Haas v. Schalow*, 172 F.3d 53, 53 (7th Cir. 1998) (emphasis added). Usher named only the United States as the defendant, not Medina, Usher's FAC fails. *Id.* The government's motion to dismiss is granted on this issue.

Moreover, even if Usher had named Medina as a defendant, Usher has failed to plead a constitutional violation. Usher has not mentioned a constitutional provision that has been violated. Additionally, Usher has not pled facts that would allow the court to infer any constitutional

violations he may have suffered. There is nothing necessarily *unconstitutional* about a car accident and just because one of the parties involved may be a government employee does not mean damages caused by his negligence are constitutional in nature. *Daniels v. Williams*, 474 U.S. 327, 328 (1986). Usher's *Bivens* claim is dismissed.

**Federal Tort Claims Act**

Usher's FTCA claim is not before this court. Usher's FAC attempted only to plead a *Bivens* claim, not an FTCA claim. It is procedurally improper for Usher to attempt to amend his complaint by raising an FTCA claim in a responsive pleading to the government's motion to dismiss. *Agnew v. Nat'l Collegiate Athletic Ass'n*, 683 F.3d 328, 348 (7th Cir. 2012); *In re Dealer Mgmt. Sys. Antitrust Litig.*, 313 F. Supp. 3d 931, 938 (N.D. Ill. 2018) ("[A]lthough a complaint may not be amended by the briefs in opposition to a motion to dismiss, . . . courts may consider additional *facts* set forth in a brief opposing dismissal so long as those *facts* are consistent with the pleadings, . . .") (internal quotations omitted) (emphasis added). Attempting to bring an FTCA claim in a responsive pleading is *not an additional fact but rather a new legal claim* and is impermissible.

## II. Conclusion

The government's motion to dismiss Usher's FAC for failure to state a claim is granted. Plaintiff has 28 days to amend, if he wishes to do so, from the date of this order.

Date: February 27, 2019             /s/
                                                                                 Joan B. Gottschall
                                                                                 United States District Judge